UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Mary Jane Jackson, ) | Civil Action No.: 5:23-cv-01157-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff, Mary Jane Jackson, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The Magistrate Judge recommended reversing the Commissioner's decision and remanding the action for further administrative proceedings.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB and SSI on September 28, 2020 alleging a disability onset date of May 23, 2019. Tr. 13. After a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Plaintiff was not disabled. The ALJ's findings are as follows:

>    1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2025.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

2. The claimant has not engaged in substantial gainful activity since May 23, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: cervical and lumbar degenerative disc disease, bilateral carpal tunnel syndrome, and diabetes mellitus with peripheral neuropathy (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with no more than frequent handling and fingering with the bilateral upper extremities; no more than occasional stooping, kneeling, crouching, crawling, and balancing (as defined by DOT and SCO); no more than occasionally climbing ramps and stairs; no climbing ladders, ropes or scaffolds; no more than frequent exposure to hazards such as unprotected heights and dangerous machinery; and, no more than frequent exposure to extremes of heat.

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on September 21, 1978, and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

    9.      Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

    10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from May 23, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 16-24.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on January 18, 2023. Tr. 1-5. Plaintiff filed this action on March 23, 2023, seeking judicial review of the Commissioner's decision. ECF No. 1. Both Plaintiff and the Commissioner filed initial briefs. *See* ECF Nos. 14 and 15. The Magistrate Judge issued her Report and Recommendation ("R&R") on October 31, 2023, recommending that the Commissioner's decision be reversed and remanded for further administrative action regarding the medical source opinion. ECF No. 18. The Commissioner filed objections to the Magistrate Judge's R&R on November 13, 2023. ECF No. 19.

## **STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*,

331 F.2d 541, 543 (4th Cir. 1964).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

As to the R&R and the Magistrate Judge's recommendation to affirm the Commissioner's decision, the Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

The Social Security Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make a disability determination, a Social Security adjudicator goes through a sequential five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the claimant must show that he was not engaged in "substantial gainful activity" at the relevant time. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he was engaged in "substantial gainful activity," he is not disabled and the inquiry ends. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step two requires the claimant show that he has a "severe" medical impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe" impairment is one that significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "An

5

impairment ... is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a); *See also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (cleaned up). Without a severe impairment, the inquiry ends.

A claimant with a severe impairment can then establish disability, at step three, if his impairments meet or medically equal a "listed" impairment and meet the duration requirement. 20 C.F.R. Part 404, Subpart P, Appendix 1 (listed impairments); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520(d), 416.920(d), 404.1525, 404.1526. An impairment meets the duration requirement if it has lasted or is expected to last for at least 12 months, unless death is expected. 20 C.F.R. §§ 404.1509, 416.909.

If the claimant is not found disabled at step three, the ALJ proceeds to step four and considers the claimant's "residual functional capacity" and his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's residual functional capacity is his ability to do physical and mental work activities on a sustained basis. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations."). "To assess the claimant's Residual Functional Capacity, the ALJ must first identify the claimant's functional limitations or restrictions and assess the claimant's ability to do sustained work-related activities on a regular and continuing basis—i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 90 (4th Cir. 2020) (cleaned up). After the residual functional capacity assessment, the ALJ considers whether the

claimant can still perform past relevant work despite the limitations identified. *Id*. If the claimant can still perform past relevant work, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the claimant can't perform his past relevant work, the ALJ moves to step five and considers the claimant's residual functional capacity, age, education, and work experience to determine whether he can adjust to other work available in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can adjust to other work available in the national economy, he is not disabled. If he cannot adjust and meets the duration requirement, then he is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). Though the claimant bears the burden of proof at the first four steps, the burden shifts to the Commissioner at step five, during which the ALJ typically relies on a vocational expert's testimony. *Arakas*, 983 F.3d at 90.

A reviewing court must uphold the ALJ's determination when the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). In reviewing for substantial evidence, the court does not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that

decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

## ANALYSIS

The Magistrate Judge recommended remanding the action for further consideration of nurse practitioner Holly Gwaltney's medical source opinion dated July 14, 2022. The Court agrees.

Plaintiff sought treatment from nurse practitioner Gwaltney at the Bamberg Family Practice in Bamberg, South Carolina. Plaintiff's medical records from Bamberg Family Practice date back to 2018. The particular source opinion at issue was completed by Gwaltney on July 14, 2022. Tr. 616.

In her opinion, nurse practitioner Gwaltney indicated that Plaintiff could stand, sit and walk for 15 minutes at one time, lift five pounds occasionally and frequently, never bend or stoop (noting "makes dizzy"), occasionally manipulate with right and left hand, occasionally raise left arm over shoulder level, never raise right arm over shoulder level, and Plaintiff would need to elevate her legs "Most of Time" during an eight-hour workday. Tr. 616. Gwaltney opined that Plaintiff's impairments and/or treatment would cause her to be absent from work more than three times a month, and her impairments, pain, or effects of medication would cause her to be off task 50% of the work day. *Id*.

The ALJ rejected Gwaltney's opinion stating:

> I find the conclusions from the nurse practitioner are not persuasive
> since she has not provided any rationale or explanation for these
> extreme limitations. For diagnoses, the nurse practitioner only put
> "thoracic", which is an area of the body and not a medical condition.
> Regarding her rating of never bending or stooping, the nurse
> practitioner put "makes dizzy" with no additional information. The
> limitations on [her] form are not supported by the nurse practitioner's
> own treatment notes, which have shown limited complaints from the
> claimant and limited abnormal clinical findings. In direct contrast to

>               these work restrictions on this form, the nurse practitioner has not
>               indicated any restrictions in her treatment notes for the claimant. The
>               nurse practitioner's conclusions are also not consistent with the
>               medical evidence as a whole including the treatment notes from other
>               providers, and diagnostic imaging and testing.

Tr. 19.

When considering the persuasiveness of a medical opinion, the ALJ is required to "explain" how he considered the supportability and consistency factors.[2] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The Magistrate Judge found the ALJ's reasoning failed to provide a sufficient explanation for how the ALJ arrived at his findings regarding the supportability and consistency factors.  Specifically, the Magistrate Judge found the ALJ's failure to discuss Gwaltney's treatment records and failure to provide citations to any medical records in his discussion of Gwaltney's opinion frustrated any meaningful review. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (finding that remand may be appropriate where "inadequacies in the ALJ's analysis frustrate meaningful review").

In her objections, the Commissioner advances essentially the same argument presented to the Magistrate Judge - that when the ALJ's decision is viewed as a whole, there is adequate discussion of the evidence that was inconsistent with Ms. Gwaltney's opinion.  The Commissioner also argues

---

[2] ALJs need not assign an evidentiary weight to medical opinions or give special deference to treating source opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (providing that ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources"). Instead, ALJs consider medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the ALJ is not required to explain the consideration of the other three factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

9

the ALJ fully addressed the supportability and consistency factors despite the failure to cite to any specific medical records.  Respectfully, the Court disagrees with the Commissioner.

As an initial matter, the ALJ's opinion provides the wrong date for Gwaltney's opinion (January 2022 - incorrect vs. July 2022 - correct). *See* Tr. 19.  While this may be only a scrivener's error, it does cast some doubt on the thoroughness of the ALJ's opinion.  Nevertheless, the ALJ's failure to reference any specific medical records to support his conclusion that Gwaltney's opinion was unpersuasive and inconsistent frustrates any meaningful review.  This Court is left to guess which of the more than 250 pages of medical records the ALJ found inconsistent with Ms. Gwaltney's opinion.  The ALJ's cursory rejection of Ms. Gwaltney's opinion requires remand for further consideration.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, the Commissioner's objections to the R&R, and applicable law.  For the foregoing reasons, the Court hereby respectfully **OVERRULES** the Commissioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation.  The Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

December 11, 2023                              s/ R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                               Chief United States District Judge